[S. F. No. 13436. In Bank.—May 25, 1931.]

ALPHONSE SNOW et al., Respondents, v. MARIAN REALTY COMPANY (a Corporation) et al., Defendants; MARIAN REALTY COMPANY (a Corporation), Appellant.

Everette C. McKeage and John Ralph Wilson for Appellant.

Rothchild & Golden and J. A. Pritchard for Respondents.

LANGDON, J.—This is an action for damages for injuries to property. In 1927 defendant Marian Realty Company commenced to construct a concrete building near plaintiffs' building. Defendant Golden Gate Iron Works contracted to place the structural steel and defendant Adam Arras Company contracted to do all the concrete work. The steel contractor used a donkey-engine to hoist the steel. The concrete contractor piled sand and cement near the building. Plaintiffs brought an action against the Marian Realty Company and the two contractors, alleging that smoke from the donkey-engine and sand and cement from uncovered piles were carried by the wind to his building,

discoloring it, and necessitating repainting of the same at the conclusion of the building operations. The first cause of action in the complaint was framed on the theory of negligence; the second alleged that the acts of defendants constituted a nuisance.

Upon the trial a nonsuit was granted as to the two contractors, but judgment was given for plaintiffs against the defendant Marian Realty Company in the sum of $278.

The first ground of said defendant's appeal is that the trial court was in error in holding it liable for the acts of independent contractors. There is, of course, no question but that ordinarily no liability attaches to an owner for the acts of an independent contractor. (See *Green* v. *Soule*, 145 Cal. 96 [78 Pac. 337].) In this case, however, two things appear which prevent the application of that rule. In the first place, defendant Marian Realty Company had on the job its own superintendent, who was at all times cognizant of conditions there. In the second place, the company had itself procured permits under the city building ordinance, which required that the party using the streets under such permit should prevent sand, dirt or other materials from being blown away and from interfering with the carrying on of business or the enjoyment of property. Another city ordinance forbids the creation of a smoke nuisance. In view of these facts, it cannot be said that the sole recourse of plaintiffs must be against the other two defendants. The duty to prevent the occurrence of the acts complained of was, by the terms of the ordinances, as much a duty of the Marian Realty Company as it was of the contractors; and violation of the ordinance cannot be excused on the ground of delegation of that duty. (*Luce* v. *Holloway*, 156 Cal. 162 [103 Pac. 886]; *Robbins* v. *Hercules Gasoline Co.*, 80 Cal. App. 271 [251 Pac. 697]; *Colgrove* v. *Smith*, 102 Cal. 220 [27 L. R. A. 590, 36 Pac. 411]; *Spence* v. *Schultz*, 103 Cal. 208 [37 Pac. 220]; see, also, note, 23 A. L. R. 1016.)

The next ground of appeal is that the granting of the nonsuit in favor of the contractors should necessarily have compelled the same result as to the Marian Realty Company. It is argued that this action of the trial court must have been based upon a finding either of no negligence, or of no damage. We are not presented directly with the question whether the nonsuit should have been

granted, since defendants do not base their appeal on that phase of the judgment; but whether it was correct or not is immaterial here. This is not a case of findings which are fatally inconsistent, as would be the case if, e. g., in an action against a *principal* for the negligence of an *agent*, the former were held liable and the latter absolved. The liability of defendant Marian Realty Company, as already pointed out, may arise from its own acts and omissions, and is not necessarily based upon the acts or omissions of the contractors.

The important problem in this case relates to the nature of the liability, if any, for the damage suffered. The trial court found that the defendant Marian Realty Company negligently performed the work of constructing the building and so caused damage to the plaintiffs. The evidence hardly supports such a finding. The record shows that the acts complained of were performed by the contractors, over whom the Marian Realty Company exercised no authoritative control; and for the *negligence* of such independent contractors the company is not liable. (*Green* v. *Soule, supra; Messina* v. *Terhune,* (N. J.) 148 Atl. 758.) The court made other findings, however, to the effect that the defendant Marian Realty Company, in constructing the building, caused and permitted the acts to take place, which acts caused damage to plaintiffs. It is, we think, in this finding, and in the evidence supporting it, that the true ground of recovery exists. Conceding that the defendant Marian Realty Company was itself guilty of no acts of negligence, it was nevertheless guilty of maintaining and permitting on its premises and for its use a *nuisance* which caused injury to the plaintiffs. Of course, neither the donkey-engine nor the piles of sand and cement could be classified as nuisances *per se,* but the manner in which they were maintained made them such. (See *McMenomy* v. *Baud,* 87 Cal. 134 [26 Pac. 795] ; *Dauberman* v. *Grant,* 198 Cal. 586 [48 A. L. R. 1244, 246 Pac. 319].) ▮ The evidence shows that on a number of occasions complaints were made to the contractors and to the superintendent engaged by the Marian Realty Company, so that they were fully aware of the consequences of their acts. This being so, it is immaterial whether the acts be considered wilful or negligent; the essential fact is that, whatever be the cause, the

result is a nuisance. (*Kafka* v. *Bozio*, 191 Cal. 746 [29 A. L. R. 833, 218 Pac. 753]; *McCarty* v. *Natural Carbonic Gas Co.*, 189 N. Y. 40 [12 Ann. Cas. 840, 13 L. R. A. (N. S.) 465, 81 N. E. 549]; *McFarlane* v. *Niagara Falls*, 247 N. Y. 840 [57 A. L. R. 1, 160 N. E. 391].) Nor does it make any difference whether the defendants, as they contend, exercised ordinary care in handling the engine and materials. The injury to the property itself gives rise to the liability, irrespective of care or lack of care. "Nor will the adoption of the most approved appliances and methods of production justify the continuance of that which, in spite of them, remains a nuisance." (*Judson* v. *Los Angeles Suburban Gas Co.*, 157 Cal. 168, 173 [21 Ann. Cas. 1247, 26 L. R. A. (N. S.) 183, 106 Pac. 581]; see, also, *Herman* v. *Buffalo*, 214 N. Y. 316 [108 N. E. 451]; *Gus Blass Dry Goods Co.* v. *Reinman*, 102 Ark. 287 [143 S. W. 1087]; 45 C. J. 634, sec. 9; 46 C. J. 663, sec. 28; 6 Cal. L. Rev. 228.)

The judgment is affirmed.

Waste, C. J., Shenk, J., Curtis, J., Richards, J., and Seawell, J., concurred.

Rehearing denied.