[Civ. No. 21171. Second Dist., Div. Three. Dec. 14, 1955.]

CHARLES L. STRODEL, Appellant, v. FRANK L. WILCOX, JR. et al., Respondents.

*Assigned by Chairman of Judicial Counci'.

Don Shearer for Appellant.

Marcus, Rabwin, Nash & Naiditch for Respondents.

NOURSE (Paul), J. pro tem.*—Plaintiff sought by his complaint in this action a mandatory injunction compelling the defendants to remove a flashing which was attached to defendants' property, but extended over the plaintiff's property. He appeals from the judgment denying this relief.

*Assigned by Chairman of Judicial Council.

The following facts are established by the evidence without conflict: The parties were owners of contiguous lots fronting on the southerly line of East Whittier Boulevard in the city of Los Angeles, defendants' property lying to the east of plaintiff's. Plaintiff erected a building on his property the easterly portion of which was one story in height. His easterly wall was set back approximately 2 inches from the common boundary line, but its foundation encroached some distance on defendants' property. This encroachment, however, was several feet below the surface of the ground. Thereafter defendants erected a one-story building on their lot and the westerly wall of this building was set back from the common boundary line, thus leaving a space between the easterly wall of plaintiff's building and the westerly wall of defendants' building of about 4 inches. Defendants' foundation encroached on plaintiff's property a distance of 2 inches at the surface of the ground. Defendants acknowledged that this was an intentional encroachment. Plaintiff, however, waived any right to an injunction as to this encroachment and we are not concerned with it here. At the northerly and southerly ends of this narrow areaway the defendants, with the consent of plaintiff, constructed what in the record are termed seals, these being thin plaster walls which join the easterly wall of plaintiff's building and the westerly wall of defendants' building. The result was that the narrow areaway was enclosed at the bottom by a concrete slab, on the sides by the walls of the respective buildings, and on the ends by the seals.

Defendants' building was erected by a contractor and under a flat price contract. During the construction and in order to secure the approval of the building inspector the contractor attached to the westerly wall of defendants' building a metal flashing. This extended the entire length of the wall and was attached to defendants' building at a point some inches above the level of the coping of the easterly wall of plaintiff's building and extended downward so as to overlap by about 2 inches plaintiff's wall and allow rain which might fall upon the low fire wall of defendants' building and upon the flashing to drain onto plaintiff's tar and gravel roof and to flow from there into a down spout which defendants had provided to carry off the water that fell on the roof of the one-story portion of his building as well as that which fell upon the roof of its second story.

Defendants were not physically present when the flashing

was actually attached but the record shows, without conflict, that the defendants knew that it was to be constructed (Mr. Wilcox discussed the matter with the building inspector prior to its erection), and that this was a part of the work which the independent contractor had undertaken to do for them. Prior to commencing construction of their building defendants had actual knowledge of the location of the common boundary line and that the easterly wall of plaintiff's wall was erected entirely upon his own property. They therefore knew that a flashing which overlapped that wall would encroach.

By their answer the defendants pleaded as a special defense that the flashing was erected and constructed with the consent of the plaintiff and for the mutual benefit of both parties and in order to comply with section 17811, Health and Safety Code, which provides, in substance, that all parts of every building shall be kept clean, sanitary and free from all accumulations of debris, etc. So far as pertinent here the trial court found that the flashing in question projected over and onto plaintiff's property approximately 2 inches for the entire length of the defendants' building; that the space between the two buildings was sealed without provision for any water falling between the two buildings to be drained away and that any water falling between the two buildings would accumulate, causing detriment to the buildings and would also cause the accumulation of debris on the premises of both parties and in the space between the two buildings; that the amount of water which would normally fall and be carried onto plaintiff's roof by the flashing in question would cause only minimal damage to the plaintiff, the amount of that damage being fixed in the sum of $20. The court further found that the flashing was not detrimental to plaintiff's property but was beneficial to the respective properties of the parties; the court further found the westerly wall of defendants' building was not waterproofed and unless the flashing was permitted to remain it would be necessary to tear down and reconstruct that wall and that the cost of so doing would be much greater than the injury sustained by the plaintiff or his property by reason of the existence and maintenance of the flashing, and as conclusions of law from these facts the court concluded that the plaintiff was not entitled to an injunction but to damages in the sum of $20 and that the defendants were entitled to an easement upon plaintiff's property to the extent of the encroachment of the flashing. The court made no direct finding as to whether or not the encroachment was intentional but only found that it

was intentional on the part of the contractor and that the defendants did no personally know of its construction. In view of the fact that the court, by its conclusions of law and its judgment, denied an injunction and sought to balance the conveniences of the parties we must assume that the court intended to find that the encroachment by the flashing was not intentional on defendants' part.

The implied finding that the flashing was not intentionally erected so as to encroach by the defendants is contrary to the evidence. The fact that the building was erected by an independent contractor is of no importance for there is no question of any negligent act of omission on the part of the contractor. ▮ The contractor in erecting the flashing was not acting negligently but fulfilling an obligation which he had contracted with the defendants to perform and the defendants cannot assert that the trespass, if any, was only that of the contractor. (*Snow* v. *Marian Realty Co.*, 212 Cal. 622 at 625 [299 P. 720] ; *McDonald* v. *Shell Oil Co.*, 44 Cal.2d 785 [285 P.2d 902].) Further than this, the evidence shows without conflict that defendants knew that the flashing was to be erected and knew that if it extended over the areaway it would necessarily encroach on plaintiff's property.

▮ If, therefore, the encroachment in question was a trespass it was an intentional trespass and not an innocent one and the court could not deny a mandatory injunction (*Christensen* v. *Tucker*, 114 Cal.App.2d 554 at 563 [250 P.2d 660]), and had no right to balance the conveniences of the parties.

▮ We have come to the conclusion, however, that this encroachment was not a trespass but was one to which the plaintiff consented. There is, it is true, no evidence of any express consent being given by the plaintiff to the erection of the flashing and, in fact, the plaintiff testified that he did not give such a consent. The plaintiff did, however, consent to the sealing off of the areaway in such a manner that debris collecting therein could not be removed and that water would accumulate and stagnate, both of which conditions would have violated the provisions of the Health and Safety Code and been a detriment to the property of both parties. Inasmuch as the only practicable manner in which this condition could be avoided was to cover the top of the areaway so as to prevent the entry of debris and water, plaintiff's consent thereto was necessarily implied. Certainly, the parties did not intend to create a situation which could

only lead to a violation by both of them of the provisions of the Health and Safety Code and which would be detrimental to both of them.

The trial court, as we have heretofore said, made no express finding upon the issue of consent as tendered by the answer. It did, however, find all of the facts from which the consent to the encroachment must be implied and its finding upon that issue would necessarily have had to be that the plaintiff did consent.

■ As the facts here compel the finding that there was no trespass but that the plaintiff consented to the encroachment we will, pursuant to the power conferred upon us by section 956a of the Code of Civil Procedure, add to the findings one that the plaintiff consented to the construction of the flashing and that there was no trespass. (See *Tupman* v. *Haberkern*, 208 Cal. 256 [280 P. 970]; *Luce* v. *Sutton*, 115 Cal.App.2d 428 at 434-435 [252 P.2d 352]; *People* v. *One 1949 Ford Tudor Sedan*, 115 Cal.App.2d 157 at 163 [251 P.2d 776].)

The judgment is affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.