[Civ. No. 18042. First Dist., Div. Two. Mar. 5, 1959.]

KURTZ A. DECKER, Plaintiff and Respondent, v. S. H. KRESS COMPANY (a Corporation), Appellant; PACIFIC INDEMNITY COMPANY (a Corporation), Intervener and Respondent.

O'Connor, Moran, Cohn & Hall for Appellant.

Allan L. Sapiro and Bergen Van Brunt for Plaintiff and Respondent.

Boyd & Taylor for Intervener and Respondent.

DOOLING, J.—Plaintiff Kurtz Decker brought an action to recover damages for personal injuries received as the result of a fall in defendant's store. Pacific Indemnity Company intervened to recover workmen's compensation benefits paid to plaintiff. Judgment was entered on a jury verdict in favor of plaintiff for $50,000 out of which plaintiff in intervention was granted recovery by way of reimbursement in the sum of $12,882.53. Defendant appeals.

Appellant operated a department store in San Francisco. Respondent started work in the store on September 24, 1953, as a demonstrator for Shontex products and appellant received a percentage of the sale in return for furnishing counter space.

Respondent performed his demonstrations in a rectangular counter area formed by four counters. Each of the counters was 3 feet wide and the working area bounded by these counters measured 2 feet by 19 feet. Respondent worked at one end of this rectangle behind the counter facing to the east. To his right was an opening about 1 foot wide permitting ingress and egress from the work area.

When respondent arrived on September 24 he found a microphone on top of the counter and an amplifier underneath the counter. The microphone was connected to the am-

plifier by approximately 15 feet of electrical wire and the amplifier was connected to an electrical outlet by approximately 6 to 8 feet of electrical cord. This outlet was located in the center of a baseboard in back of the counter.

Although respondent had worked in appellant's store at the same counter for two years from 1948 to 1950 he had not then used a microphone. Prior to starting work at appellant's store respondent had observed another demonstrator using the microphone at this counter with the amplifier placed on the counter.

Respondent placed the amplifier on the counter at a distance of about 4 feet from the electrical outlet. The excess cord from the microphone to the amplifier respondent pushed under the counter, but since the excess cord from the amplifier to the outlet was only about 3 feet it would not remain under the counter. Respondent did not attempt to fasten the excess cord up off the floor, nor to wrap the excess around the amplifier, nor did he request that it be fastened. He was aware of the cord and its position throughout the three days that he worked there.

On the day of the accident respondent put on his coat and was preparing to leave. He looked at the clock, saw that it was 10 minutes to 6 p. m., took a step and tripped on the cord on the floor. He was not thinking about the cord. The resulting injuries brought about this action.

We are satisfied that under the facts of this case the evidence as a matter of law is insufficient to support the judgment. ■ Respondent as the employee of a contractor with the appellant occupied the position of an invitee on the premises. (*Pauly* v. *King*, 44 Cal.2d 649, 653 [284 P.2d 487].) ■ The duty of the owner to such invitee is thus stated in that case:

"The applicable general principle is that the owner of the property, insofar as an invitee is concerned, is not an insurer of safety but must use reasonable care to keep his premises in a reasonably safe condition and give warning of latent or concealed perils. He is not liable for injury to an invitee resulting from a danger which was obvious or should have been observed in the exercise of reasonable care."

This rule has repeatedly been stated and applied in California cases. (*Blodgett* v. *B. H. Dyas Co.*, 4 Cal.2d 511, 512 [50 P.2d 801]; *Weddle* v. *Heath*, 211 Cal. 445, 452 [295 P. 832]; *Shanley* v. *American Olive Co.*, 185 Cal. 552, 555 [197 P. 793].) ■ Many of the cases add the obvious corollary

that where the condition which results in injury to the invitee is actually as well known to the invitee as to the property owner no liability arises. (*Mautino* v. *Sutter Hospital Assn.,* 211 Cal. 556, 561 [296 P. 76]; *Mawhiney* v. *Signal Trucking Co.,* 132 Cal.App.2d 809, 813 [283 P.2d 27]; *Markwell* v. *Swift & Co.,* 126 Cal.App.2d 245, 251 [272 P.2d 47]; *Delk* v. *Mobilhomes, Inc.,* 118 Cal.App.2d 529, 532-533 [258 P.2d 75]; *Hill* v. *Eaton & Smith,* 65 Cal.App.2d 11, 13-14 [149 P.2d 762]; *Walker* v. *Greenberger,* 63 Cal.App.2d 457, 462 [147 P.2d 105]; *Funari* v. *Gravem-Inglis Baking Co.,* 40 Cal.App.2d 25, 29 [104 P.2d 44]; *Vitrano* v. *Westgate Sea Products Co.,* 34 Cal.App.2d 462, 465 [93 P.2d 832].)

In *Mautino* v. *Sutter Hospital Assn., supra,* 211 Cal. at page 561 the court said: "The true ground of liability is the proprietor's superior knowledge of the perilous instrumentality . . . It is when the perilous instrumentality is known to the owner or occupant and not to the person injured that a recovery is permitted . . . There is no liability for injuries from the dangers that are obvious, or as well known to the person injured as to the owner or occupant."

It is clear in our case that the condition of the electrical cord over which respondent tripped was at least as obvious to respondent as it was to appellant. Respondent not only knew of its position on the floor, he actually plugged it into the outlet socket and left it on the floor in the position where he afterwards tripped over it. Electrical cords are commonplaces of modern life and whatever danger is inherent in a cord lying on a floor was as obvious to respondent as it could be to appellant. It lay fully in respondent's power to protect himself from this danger by unplugging the cord when it was not in use and placing it on or under the counter. This would not even have been an inconvenience of any gravity since respondent testified that he only used the microphone for brief periods each day. To hold appellant liable in this case would be to require appellant to exercise greater care for respondent's safety than respondent himself saw fit to use. We find nothing in section 6400 of the Labor Code which could create a liability upon appellant under the facts of this case, where respondent himself created the condition and it lay readily within respondent's power to avoid the very danger of which he seeks to complain. (*Albert* v. *McKay & Co.,* 174 Cal. 451, 455 [163 P. 666].)

Respondent points to the fact that a blackboard diagram, by which he illustrated his testimony and showed the position of the outlet plug, and a length of electric cord de-

scribed as similar to the one over which he tripped are not before us on appeal. He argues that we must assume that these, if before us, would support the judgment in his favor. (*Haase* v. *Central Union H. S. Dist.*, 27 Cal.App.2d 319, 325-326 [80 P.2d 1044].) The rule can be of no comfort to respondent under the facts of this case. Wherever the plug was located and whatever the character of the cord respondent was as fully aware of those facts as was appellant. His knowledge of the danger from tripping over that cord which he himself had inserted in that plug could not be affected by the location of the plug or the character of the cord.

Judgment reversed.

Kaufman, P. J., and Draper, J., concurred.

A petition for a rehearing was denied April 3, 1959, and the following opinion was then rendered:

THE COURT.—On petition for rehearing it is pointed out that while on his deposition respondent testified that he unplugged and plugged in the cord, on the trial he denied having done so. Since the evidence on appeal must be construed most favorably to respondent the references in the opinion to respondent having plugged in the cord were improper. We do not regard this fact as vital to our decision, which was based on the obviousness of whatever danger inhered in the cord lying openly on the floor and the ease with which respondent could have obviated this plainly visible condition when the loudspeaker was not in use.

Respondents' petition for a hearing by the Supreme Court was denied April 29, 1959.