[Civ. No. 18208. First Dist., Div. Two. May 12, 1959.]

WILLIAM JOHNSON, Appellant, v. A. SCHILLING AND COMPANY (a Corporation) et al., Respondents.

Jack H. Werchick for Appellant.

Boyd, Taylor, Nave & Flageollet for Respondents.

DOOLING, J.—Plaintiff appeals from a judgment in favor of defendants entered upon a verdict directed by the court.

Appellant was a sheet-metal worker employed by East Bay Sheet Metal Company. That company had a contract to furnish the labor and materials for the installation of roofing

material, insulation and flashing upon an existing roof on a building owned by respondent A. Schilling and Company. The building had a sloping corrugated iron roof with an 18 degree pitch and had been constructed in 1938. On December 21, 1953, appellant was instructed by his foreman to install flashings around a skylight on this roof. He had only been on the roof about one hour when he started to walk to the top of the roof to get certain tools and material. He took two or three steps, slightly missed his balance and attempted to put his hand on the frame of the skylight to steady himself. His hand missed the frame and rested on a glass pane of the skylight which was already cracked and which broke under his weight so that he fell through the broken skylight suffering the injuries of which he complains.

After the case had been partly tried the trial judge indicated that appellant had not made a case against respondents and the balance of appellant's evidence was presented to the court by an offer of proof outside the presence of the jury, none of which the court ruled would be sufficient to establish any liability.

Appellant argues on appeal:

1. That the evidence and offer of proof would sustain a judgment against respondents on the common-law liability of an owner to an invitee;

2. That the court erred in ruling that the owner did not owe the statutory duties of an employer to appellant under Labor Code, sections 6304, 6400 and 6401;

3. That the court erred in ruling that certain sections of the San Francisco Building Code were not applicable.

▮ If there is any evidence in the testimony or offer of proof which would support a judgment for the plaintiff it was, of course, error to direct a verdict for defendants. (*Burlingham* v. *Gray*, 22 Cal.2d 87, 94 [137 P.2d 9].) ▮ The appellant as employee of the contractor in carrying out his contract with the owner is an invitee of the owner. (*Austin* v. *Riverside Portland Cement Co.*, 44 Cal.2d 225, 232 [282 P.2d 69].) ▮ The landowner owes a duty to such invitee not to expose him to a risk of injury from a dangerous condition of which the landowner knows or reasonably should know and which is not obvious, or actually known, to the invitee. His duty is either to remedy such dangerous condition or warn the invitee thereof. (*Austin* v. *Riverside Portland Cement Co.*, supra, 44 Cal.2d 225, 233.)

■ There was testimony that the roof was steep, wet and shaky with lumps of tar thereon. These facts were, perhaps, as obvious to appellant as to the owner. However, in the offer of proof, there was an offer to prove that the witness Washington after the accident had examined the roof and found "that the corrugated iron was not resting directly on the beams or the trusses . . . that there was a space between the corrugated iron and the supports beneath it at that point; that these spaces were located in the area where the plaintiff was walking at the time of the accident . . ."; that this space was readily observable from the interior of the building but could not be seen from the roof; and that the presence of this space made the roof more unstable at this point and created a greater hazard to a man walking thereon.

We are satisfied that this proffered evidence with the inferences which the jury might have reasonably drawn therefrom would have supported a finding that the plaintiff's injuries were proximately caused by a defect of which the plaintiff was not aware but which either was, or should in the exercise of reasonable care have been, known to the defendant landowner. This conclusion is sufficient in itself to necessitate a reversal. However, the necessities of a new trial require us to consider the other questions presented.

Section 6302, Labor Code, defines "place of employment" as "any place, and the premises appurtenant thereto, where employment is carried on . . ." Section 6304 reads: " 'Employer' shall have the same meaning as in section 3300 and shall also include every person having direction, management, control, or custody of any employment, *place of employment*, or any employee." (Emphasis ours.) This definition is obviously intended to enlarge the meaning of "employer" beyond its usual meaning for the purposes of Division 5 of the Labor Code in which it is found and which deals specifically with "Safety In Employment." ■ Where an owner of real property contracts to have work done on his property such property becomes a place "where employment is carried on" and hence a place of employment under the definition of section 6302. Since the owner has "custody and control" of his own property, he then has custody and control of a "place of employment" and hence is an "employer" within the definition of section 6304. This was the specific holding of the court in *Maia* v. *Security Lumber & Concrete Co.*, 160 Cal.App.2d 16 [324 P.2d 657]. In that case a safety order adopted pursuant to the authority of division 5 of the Labor Code required a

safety control to be locked in the "off" position or the machine to be disconnected from its source of power, and certain cautionary signs to be placed thereon, whenever any repairs were being made on a power driven machine. While such a machine was being repaired by the employee of a contractor with the owner the machine was started resulting in injury to the contractor's employee. The trial court instructed that this safety order applied only to the contractor and not to the owner unless the jury found that the repair work was undertaken by the employee of the owner as well as the contractor's employee. Following a defendant's verdict the District Court of Appeal reversed for error in this instruction holding that within the meaning of section 6304 the landowner was an employer and the jury should have been instructed that the duty of carrying out the safety order rested on it as well as on the contractor. (160 Cal.App.2d p. 20.) A hearing was denied by the Supreme Court.

Cases such as *Deorosan* v. *Haslett Warehouse Co.*, 165 Cal. App.2d 599 [332 P.2d 422], and *Hard* v. *Hollywood Turf Club,* 112 Cal.App.2d 263 [246 P.2d 716], are distinguishable on their facts. In those cases the dangerous condition was created by the injured employee's immediate employer during the course of the work, a condition over which the owner in the one case and the general contractor in the other did not have "direction, management, control, or custody" within the meaning of section 6304 Labor Code. (*Deorosan* v. *Haslett Warehouse Co., supra,* 165 Cal.App.2d pp. 599, 617-618.) It was because of this distinction that the court in *Atherley* v. *MacDonald, Young & Nelson,* 142 Cal.App.2d 575 [298 P.2d 700], stressed the fact that the owner in that case was also in fact the builder, with the contractor acting as its agent, since the dangerous condition in Atherley was created by the contractor in the course of construction, a matter over which the owner *as owner* would not have had "direction, management, control, or custody."

 To make the owner responsible as "employer" under section 6304 as construed by the cases the dangerous condition must exist in the place of employment when it is turned over to the contractor. It was on this ground that we held in the recent case of *Decker* v. *S. H. Kress Co.,* 168 Cal.App.2d 365, 368 [335 P.2d 952, 337 P.2d 163], that section 6400 of the Labor Code had no application to an obvious danger from an appliance furnished to the employee of an independent contractor by the owner, where the employee had complete

control of the appliance and its use and the dangerous condition was not inherent in the appliance itself but only in the manner in which the employee chose to use it with full knowledge of the danger which he was thereby permitting to exist.

We are satisfied that as to unsafe conditions of employment which exist in the place of employment at the time that it is turned over by the owner to an independent contractor the owner is an "employer" within the meaning of Labor Code, section 6304. This being so the owner's duties as "employer" under 6304 were obviously greater than his common-law duties as invitor to an invitee. As "employer" under that section he was obliged under section 6400, Labor Code, to furnish a place of employment which was "safe for the employees therein." This is a statutory duty which cannot be satisfied by mere warning or obviousness, those questions going only to the question of the injured party's contributory negligence. (*Atherley* v. *MacDonald, Young & Nelson, supra,* 142 Cal.App.2d p. 587.)

It follows that all of the evidence of the unsafe condition of the roof for a man working thereon at the time it was turned over to the contractor, without regard to its obvious character, was relevant to the question of whether respondents, as "employer" under section 6304, had violated the statutory duty of care; and this as well included the cracked and unsafe condition of the glass in the skylight and whether under the circumstances a railing should have been constructed about it or boards laid across it for the protection of workmen on the roof.

It follows that the expert testimony going to establish the structurally unsafe character of the roof for a man working thereon should not have been excluded. In this connection for the guidance of the court on retrial of this action we should point out: 1. that relevant evidence of the general custom and usage of the owners of buildings is admissible not as establishing the measure of due care but as evidence to be considered by the jury on that question (*Pauly* v. *King,* 44 Cal. 2d 649, 655 [284 P.2d 487]) ; 2. that "in this state we have followed the modern tendency and have refused to hold that expert opinion is inadmissible merely because it coincides with an ultimate issue of fact." (*People* v. *Cole,* 47 Cal.2d 99, 105 [301 P.2d 854, 56 A.L.R.2d 1435]) ; and 3. that "[c]ourts are bound by the statute, not by individual opinions of its interpretation" (*Maia* v. *Security Lumber & Concrete Co., supra,* 160 Cal.App.2d 16, 21).

 The briefs purport to set out certain sections of the San Francisco Building Code but without transcript references. (See Rules on Appeal, rule 15(a).) This court cannot take judicial notice of municipal ordinances (18 Cal. Jur.2d, Evidence, § 28, pp. 451-452) and absent the San Francisco Building Code from the record we cannot consider the questions raised concerning its possible application to this case.

Judgment reversed.

Kaufman, P. J., and Draper, J., concurred.

A petition for a rehearing was denied June 11, 1959, and respondents' petition for a hearing by the Supreme Court was denied July 10, 1959. Wood (Fred B.), J. pro tem.,* participated in place of Traynor, J. Schauer, J., Spence, J., and McComb, J., were of the opinion that the petition should be granted.

*Assigned by Chairman of Judicial Council.