[Civ. No. 9661.   Third Dist.   Feb. 11, 1960.]

MARIANNE HALL et al., Respondents, v. PAUL BUNYAN LUMBER COMPANY (a Corporation) et al., Defendants; L. T. ANDERSON, Appellant.

762

Barr & Messner and Halpin, Halpin & Leep for Appellant.

Glenn D. Newton for Respondents.

WARNE, J. pro tem.*—Respondents brought this action for wrongful death alleging that defendants were negligent in the construction of a platform from which Roy D. Hall fell, resulting in his death. A jury returned a verdict against the defendant-appellant Anderson and judgment was entered thereon. A nonsuit was ordered in favor of defendant Paul Bunyan Lumber Company.

Appellant is a licensed contractor and at the time of the fatal accident was the general contractor for doing general carpentry work as an independent contractor in the construction of a sawmill, planing mill and dry kilns for the Paul Bunyan Lumber Company. The contract under which appellant was acting provided in part that he was to furnish all the labor and materials to "make a complete and finished sawmill building ready for, but not including the installation of electrical and mechanical sawmill machinery and equipment." Paul Bunyan Lumber Company, owner, reserved the right to let other contracts, and appellant was bound to "afford other contractors reasonable opportunity for introduction and storage of their materials" and to "properly connect and coordinate his work with theirs." Appellant was also bound to "erect and maintain ladders, scaffolds and runways," and to "maintain adequate protection from injury or loss arising in connection with this contract," and to "adequately protect adjacent property as provided by law," and to "provide and maintain all passage ways, guards, fences, lights, and other facilities as required by law."

The firm of Trowbridge and Flynn, electrical contractor, was employed by Paul Bunyan Lumber Company for the installation of the electrical equipment on the job; and the deceased, Roy D. Hall, was employed by said Trowbridge and Flynn as an electrical worker on the project at the time of his death. During the time in question, one Charles Porter, employed by appellant as a carpenter, constructed a platform for

*Assigned by Chairman of Judicial Council.

the use of the electrical contractor. This work was requested by an employee of Trowbridge and Flynn and authorized by appellant's foreman. At the time the work was authorized by appellant's foreman he was told that the platform was to be used for raising materials and that there would be no men on the platform. However, the employees of the electrical contractor used it as a scaffold upon which to stand while performing their work. The platform was built on a pallet owned by Paul Bunyan Lumber Company to specifications furnished by the electricians and was attached to a "hyster." Carpenter work furnished to the electrical contractor by appellant was billed to and paid by the Paul Bunyan Lumber Company. The platform had no guard rails, and the deceased, Roy D. Hall, an employee of Trowbridge and Flynn, making use of the platform as a scaffold, sustained fatal injuries when he fell from the platform at a height of more than 10 feet above the ground.

As grounds for reversal, appellant first contends that a finding of negligence is not supported by the evidence. We do not believe there is merit in this contention. Title 8, California Administrative Code, article 17, section 1616, subdivision (a), provides: "Railings shall be provided on all open sides and ends of all built-up scaffolds, runways, ramps, rolling scaffolds, elevated platforms, or other elevations ten feet (10') or more above the ground, floor or level underneath." Appellant had the responsibility of complying with the hereinabove quoted safety order as to any scaffold to be used by workmen and any failure to do so was negligence *per se*. (*Atherley* v. *MacDonald, Young & Nelson,* 142 Cal.App.2d 575, 587 [298 P. 2d 700] ; *Bickham* v. *Southern Calif. Edison Co.,* 120 Cal.App. 2d 815, 820 [263 P.2d 32] ; *Mula* v. *Meyer,* 132 Cal.App.2d 279 [282 P.2d 107] ; *Finnegan* v. *Royal Realty Co.,* 35 Cal.2d 409 [218 P.2d 17].)

Appellant argues that in order to impose a duty upon him to furnish a safe scaffolding it must be shown that he knew, or should have known, that the platform was to be used as a scaffolding for men to work upon. While there is testimony in the record, as heretofore stated, that neither appellant's foreman nor the employee who constructed the platform was told other than it was to be used for the purpose of raising materials, not as a scaffold for men, there is also substantial evidence that appellant and his employee should have seen the workmen using the platform as a scaffold in the performance of their labors. They admit they passed the "hyster"

and platform where the deceased was working "a dozen times a day." It was appellant's contractual duty to "erect and maintain . . . scaffolds" and to maintain adequate protection from injury as provided by law. It was also appellant's duty to see that such mandates were carried out, and he cannot be excused because he and his employees "didn't happen to look up" when passing the scaffold. The jury had a right to infer that they saw what was in plain view and were negligent in failing to remedy the unsafe condition or prevent the workmen from using the platform as a scaffold. The jury could find, and apparently did, that appellant knew or should have known that workmen were using the platform. The lack of actual notice is no defense if there is an opportunity to inspect. An inspection would have revealed the dangerous situation.

It is next contended that the conduct of appellant was not the proximate cause of the injury of respondents. It is argued that the conduct of Trowbridge and Flynn in using the platform as a scaffold for their workmen acted as a superseding cause and any negligence on the part of appellant in the construction and maintenance of the platform becomes remote. This argument would apply if we were dealing with ? manufactured chattels. However, it is not the theory upon which the case rests. Here respondents relied on a contractual ? duty measured by statutory safety requirements to supply a safe work platform as needed by other contractors.

It is next contended that the deceased, Roy D. Hall, assumed the risk. There is no merit in this contention. "Assumption of risk is not a good defense to an action based on violation of a safety law intended to protect persons against the risk, the victim's assumption of which is asserted by the defendant, if the victim is a member of the class the safety law is intended to protect. To allow the defense in such a case would be against public policy." (35 Cal.Jur.2d 819; see also *Mula* v. *Meyer, supra*; *Finnegan* v. *Royal Realty Co., supra*; *Bickham* v. *Southern Calif. Edison Co., supra*; and *Atherley* v. *MacDonald, Young & Nelson, supra.*)

At the request of respondents the trial court gave the following instruction: "A person, who, himself, is exercising ordinary care has a right to assume that others, too, will perform their duty under the law, and he has a further right to rely and act on that assumption. Thus it is not negligence for such a person to fail to anticipate injury which can come to him only from a violation of law or duty by another."

Appellant contends that the instruction should have been qualified by stating "that the right to assume the good conduct of others does not exist when it is reasonably apparent to one, or in the exercise of ordinary care, would be apparent to him, that another is not going to perform his duty and, further that one is not justified in ignoring obvious danger although it is created by another's misconduct, nor is he ever excused from exercising ordinary care." (*Edlund* v. *Los Angeles Ry. Co.*, 14 Cal.App.2d 673, 675 [58 P.2d 928].) While the law is as stated by appellant, we do not believe that the giving of the instruction without noting the exceptions to the rule was prejudicial. While it must have been apparent to the deceased that it was more dangerous to work on the platform without a guard rail, nevertheless, a workman on the job doing the job he is hired to do is not required to exercise the same quantum of care that may be required of other invitees. [█ As said in *Austin* v. *Riverside Portland Cement Co.*, 44 Cal.2d 225, 239 [282 P.2d 69] : " '. . . [W]here a person must work in a position of possible danger the amount of care which he is bound to exercise for his own safety may well be less by reason of the necessity of his giving attention to his work than would otherwise be the case. (*Barboza* v. *Pacific Portland Cement Co.*, 162 Cal. 36, 40 [120 P. 767].' " (Also see *Emery* v. *Pacific T. & T. Co.*, 43 Cal.App.2d 402, 409 [110 P.2d 1079] ; *Miller* v. *Pacific Constructors, Inc.*, 68 Cal.App.2d 529 [157 P.2d 57] ; *Mecham* v. *Crump*, 137 Cal.App. 200, 204 [30 P.2d 568].)

█ At the request of the respondent the trial court also gave the following instruction : "To prove that a violation of a statute, such as that charged in this case, was excusable and justifiable so as to overcome the presumption of negligence, the evidence must support a finding that the violation resulted from causes or things beyond the control of the person charged with the violation."

This instruction is an erroneous statement of law on the subject matter, and we feel was prejudicial under the facts and circumstances of this case to the extent that the judgment must be reversed.

Subsequent to the trial of this case the Supreme Court held in the case of *Alarid* v. *Vanier*, 50 Cal.2d 617, 622-624 [327 P.2d 897], that an instruction which indicates that justification or excuse for violation of a statute can be found only in causes or things " 'beyond the control of the person charged with the violation' " is erroneous. At page 624 the court said :

"In our opinion the correct test is whether the person who has violated a statute has sustained the burden of showing that he did what might reasonably be expected of a person of ordinary prudence, acting under similar circumstances, who desired to comply with the law. . . ." In the instant case appellant's foreman was told that the platform was to be used for raising materials and that there would be no men working on it. Under these facts, if properly instructed, the jury could have found that appellant did what might reasonably be expected of a prudent person.

The judgment is reversed.

Van Dyke, P. J., and Schottky, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied April 5, 1960.