[Civ. No. 20710.   First Dist., Div. Two.   Jan. 18, 1963.]

LEONA SECKLER, Plaintiff and Respondent, v. JOSEPH T. YAMIN et al., Defendants and Appellants.

Lacey, Holbrook & Meyenberg and Richard E. Holbrook for Defendants and Appellants.

Morgan, Beauzay & Holmes and Robert Morgan for Plaintiff and Respondent.

KAUFMAN, P. J.—This is an appeal by the defendants from a judgment of $40,000 rendered on a jury verdict in favor of the plaintiff, Leona Seckler, in a wrongful death action. The plaintiff's son, Howard P. Seckler, the decedent, was working for the defendants as an independent contractor. The defendants, Joseph and Robert Yamin, residents of Texas, doing business as partners in Acme Building Sales, were the successful bidders on certain surplus multiple unit apartment buildings at Fort Ord, which they dismantled and resold as apartments and small houses. During the course of this work, it was discovered that the apartment units each contained a fire wall of concrete bricks which extended the full height of the building. Robert Yamin cut through the building with a saw on one side of the fire wall. Thereafter, the decedent and his uncle completed vertical cuts on the other side of the fire wall, cutting through the entire building so as to free the fire wall. Another subcontractor, L. C. Todd, a house mover, then moved the buildings on each side about 4 to 6 feet from the wall. Todd was initially named as a defendant but was subsequently dismissed by a nonsuit. The decedent and his uncle then worked in the shadow of the fire wall, closing the exposed end of the building. On May 3, 1961, the fire wall collapsed, killing the decedent.

On this appeal, the main contentions are that the trial court erred in: (1) reading to the jury certain instructions based on sections 6400 and 6401 of the Labor Code and the safety regulations issued pursuant thereto; (2) removing the issue of assumption of risk from the jury; and (3) in refusing an instruction based on section 3601 of the Labor Code which sets forth the exclusive remedy of workmen's compensation benefits. There is no merit in any of these contentions.

Appellants first contend that under *Kuntz* v. *Del E. Webb Constr. Co.*, 57 Cal.2d 100 [18 Cal.Rptr. 527, 368 P.2d 127] and *Woolen* v. *Aerojet General Corp.*, 57 Cal.2d 407 [20 Cal. Rptr. 12, 369 P.2d 708], they are not liable. The instant case,

however, unlike those cases, is not one where the safety orders were violated by reason of the operative details of the work of the employees of the subcontractor. ▆▆▆ Rather, the uncontroverted evidence establishes that the appellants admitted knowledge that the regulations and safety orders were in effect and applied to the demolition of buildings but were under the erroneous impression that these regulations and safety orders did not apply on military reservations. Appellant, Robert Yamin, set up the plan for the demolition of the buildings and instructed the subcontractors to follow the plan.

There was also evidence that the plan devised by the appellants was not in accordance with the custom of the demolition and house moving industry under similar circumstances and that no materials were provided for constructing adequate bracings for the wall which was about 22 feet high and 26 feet wide. When asked why the apartment could not have been pulled far enough away from the fire wall to remove any danger as was done with the remainder of the buildings after the accident, Robert Yamin replied: "I could have done that, or maybe two or three other things, too. But I didn't want to." Thus, this is not like *Kuntz* or *Woolen*, a case involving a violation of the safety orders by reason of the operative details of the work of the employees of the subcontractor. In the instant case, the appellants violated the safety order by setting up a plan which they instructed the subcontractors to follow. Thus, the trial court did not err in instructing the jury with regard to the provisions of Labor Code sections 6400 and 6401 and the safety orders issued by the commission.

Appellants next contend that it was error to remove the issue of assumption of risk from the jury, particularly since the defense was mentioned in the pre-trial conference order. ▆▆▆ However, it is well settled that the defense of assumption of risk is not available where a safety order is violated by the person asserting the defense (*Lokey* v. *Pine Mountain Lbr. Co.*, 205 Cal.App.2d 522, 531 [23 Cal.Rptr. 293]; *Atherley* v. *MacDonald, Young & Nelson, Inc.*, 142 Cal.App. 2d 575 [298 P.2d 700]).

▆▆▆ Furthermore, even in the absence of the safety order, the evidence did not warrant an assumption of risk instruction, as there was no evidence to show that the victim knew of

the danger (*Austin* v. *Riverside Portland Cement Co.,* 44 Cal.2d 225 [282 P.2d 69]).

The third and final argument is that the trial court erred in refusing appellants' proffered instruction that the exclusive remedy of an employee was against an employer under the Workmen's Compensation Law. In the instant case, the complaint alleged that the deceased was an independent contractor. The answer admitted and alleged that the deceased was an independent contractor and the entire case was tried on this theory. The appellant, Robert Yamin, testified that the decedent was not on the payroll; that although he had carried a workmen's compensation policy, he did not report the death to the compensation carrier and listed the decedent as a subcontractor. Thus, it does not appear that at this time, appellants can shift their position to argue that the decedent was an employee with an exclusive remedy under the Workmen's Compensation Act.

Judgment affirmed.

Shoemaker, J., and Agee, J., concurred.

A petition for a rehearing was denied January 30, 1963, and appellants' petition for a hearing by the Supreme Court was denied March 13, 1963.