[Civ. No. 20812.   First Dist., Div. Three.   Jan. 23, 1964.]

WILLIAM JOHNSON, Plaintiff and Respondent, v. A. SCHILLING & COMPANY et al., Defendants and Appellants.

Boyd, Flageollet & Benson and Herbert Chamberlin for Defendants and Appellants.

Jack H. Werchick for Plaintiff and Respondent.

DRAPER, P. J.—Defendant█ appeals from judgment entered upon verdict for plaintiff in this personal injury action. This is the third appeal. Not only did the first decision (170 Cal.App.2d 318 [339 P.2d 139]) establish the law of the case, but the second decision (194 Cal.App.2d 123 [14 Cal.Rptr. 684]) held that it had done so. The facts adduced at the last trial do not vary significantly from those on the earlier trials.

Defendant is the owner of a building whose roof was being waterproofed by an independent contractor. Plaintiff, an employee of the contractor, was injured while working on this roof. Decision on the first appeal held that the roof was a "place of employment" within the definition of the Labor Code (§ 6302); since "employer" includes "every person having direction, management, control, or custody of any ... place of employment" (§ 6304), defendant owner is an employer "as to unsafe conditions of employment which exist in the place of employment at the time that it is turned over" to the independent contractor who employed plaintiff. As to such conditions, defendant's duty was not limited to that owed an invitee, but was to furnish a place of employment "safe for the employees therein" (§ 6400 [170 Cal.App.2d at p. 324]).

The present judgment is based solely on defendant's liability as an "employer" in this sense, and not on the invitor-invitee relationship.

Defendant argues that the previous decisions are not the law of the case because their rule has been "altered or clarified" by two later decisions of the Supreme Court (*Kuntz* v. *Del E. Webb Constr. Co.*, 57 Cal.2d 100 [18 Cal.Rptr. 527, 368 P.2d 127]; *Woolen* v. *Aerojet General Corp.*, 57 Cal.2d 407 [20 Cal.Rptr. 12, 369 P.2d 708]). But both cite the first *Johnson* decision with apparent approval. Neither affects the rule of that case, for there was no evidence in either that the place of employment was unsafe at the time it was turned over by the owner to an independent contractor. Rather, the dangerous condition was created in the course of the work done. Lacking elements of supervision or control of that con-

tractor, the Labor Code provisions did not apply to the owner (in *Woolen*) or the general contractor (in *Kuntz*). Here the jury was carefully instructed that the Labor Code provisions were applicable against defendant owner only if plaintiff's injury was proximately caused by conditions existing in the place of employment when it was turned over by owner to the independent contractor who employed plaintiff.

The sufficiency of the evidence to establish such condition as a proximate cause, the absence of contributory negligence as a matter of law, and the propriety of the instructions given and refused here all have been determined in the first two appeals, and those rulings are the law of this case.

The court properly refused instructions on assumption of risk. That defense is not good against an action based on violation of a safety law intended to protect a class of which plaintiff is a member against the very risk he is claimed to have assumed (*Hall* v. *Paul Bunyan Lumber Co.*, 177 Cal.App.2d 761, 765 [2 Cal.Rptr. 519]).

The judgment and the order denying defendant's motion for judgment notwithstanding the verdict are affirmed.

Salsman, J., and Devine, J., concurred.

A petition for a rehearing was denied February 20, 1964, and appellants' petition for a hearing by the Supreme Court was denied March 18, 1964.