[Civ. No. 8579.   Fourth Dist., Div. One.   Sept. 15, 1967.]

ALBERT E. FREIRE, Plaintiff and Appellant, v. IMPERIAL IRRIGATION DISTRICT, Defendant and Respondent.

McDaniel & Pinney, Richard A. McKee and Franklin D. McDaniel for Plaintiff and Appellant.

Horton, Knox, Carter & Rutherford and Robert W. Rutherford for Defendant and Respondent.

BROWN (Gerald), P.J.—Cotton Construction Company contracted to build a school in Holtville for the Holtville Union High School District. Cotton subcontracted electrical work to Encanto Electric Company. Encanto employed plaintiff Albert E. Freire. At the construction site, a utility pole owned and installed by defendant Imperial Irrigation District fell and injured plaintiff.

The school district's plans called for a junction or pull box connecting underground wiring from the school and the pole wires about 10 feet east of the pole site. Encanto dug a trench for electrical conduit terminating about 10 feet east of the pole site. Defendant then installed the 35-foot pole 5½ feet into the ground in a normal, customary manner providing adequate support.

Defendant required the plans be changed to place the pull box on the pole, at ground level on the north side. Encanto, responsible to bring the conduit to the pull box, extended the trench to the east side of the pole, exposing the east side of the pole two feet below ground, the dirt then sloping two feet east to the bottom of the trench. Defendant had not instructed Encanto to extend the trench to the east side of the pole. Encanto directed plaintiff and Encanto employee Jim Hicks to install the conduit in the trench, bringing it above ground on the north side of the pole. Plaintiff and Hicks dug away 4½ to 5½ feet below ground on the east side of the pole, completing the trench, and 2 or 3 feet on the north side, leaving the pole perilously balanced. Plaintiff measured the trench, felt the pole was unsafe, complained to a school district inspector and his Encanto foreman, and told Hicks he

did not know what was holding up the pole. Hicks and plaintiff agreed one of them would watch the pole at all times and warn if it started to fall. The school district inspector told plaintiff to stay clear until the situation was remedied. Later, on a day when a strong wind blew from the west, the pole fell, injuring plaintiff. The day before the pole fell, defendant backed a truck close to the pole without touching it; installed some equipment on the pole; started to drive away but was stopped by a rope connecting the truck and pole; untied the rope and drove away.

This is not plaintiff's workmen's compensation case. This, plaintiff's damages action, originally involved plaintiff, defendant, Cotton, the school district, and Industrial Indemnity Company (workmen's compensation carrier). Cotton, the school district and Industrial Indemnity settled. Plaintiff appeals from a judgment favoring defendant. ■ Plaintiff contends the trial court erroneously refused to instruct on his theory that defendant was his Labor Code, section 6304 employer, and, therefore, had duties and liabilities arising under the Labor Code. Plaintiff also contends, because defendant is his Labor Code employer, the trial court erroneously gave certain instructions.

The trial court did not err. The Labor Code is inapplicable. In *Woolen* v. *Aerojet General Corp.*, 57 Cal.2d 407, 413 [20 Cal.Rptr. 12, 369 P.2d 708], citing *Kuntz* v. *Del E. Webb Constr. Co.*, 57 Cal.2d 100, 106 [18 Cal.Rptr. 527, 368 P.2d 127], our Supreme Court said: "... an owner of premises who does nothing more with respect to the work of an independent contractor than exercise general supervision and control to bring about its satisfactory completion is not an employer within the meaning of the safety provisions of the Labor Code. It is not the responsibility of such an owner to assure compliance with all applicable safety provisions including those relating to the manner in which the independent contractor performs the operative details of the work."

Even assuming defendant's ownership of the pole made it an owner of the premises, defendant did not control Encanto's construction of the trench and installation of the conduit. Defendant did not instruct to extend the trench to the east side of the pole. Defendant neither controlled Encanto's employees nor instructed anyone to dig away the eastern support of the pole. Defendant merely instructed the pull box must be at the base of the north side of the pole. Encanto's employees, including plaintiff, created the dangerous condition by expos-

ing the base of the pole. In his brief, plaintiff admits the pole stood perilously balanced after its exposure by the trench. The incident with defendant's truck did not cause the exposure of the pole creating the dangerous condition. (See *Johnson* v. *A. Schilling & Co.*, 170 Cal.App.2d 318 [339 P.2d 139].) Defendant was not required to oversee and inspect Encanto's work, enforcing all applicable safety provisions of the Labor Code. Any responsibility or liability of defendant must be found in the Government Code, and not in the Labor Code. The trial court properly instructed on Government Code liability, including sections 815.2 and 835.

Judgment affirmed.

Coughlin, J., and Whelan, J., concurred.

A petition for a rehearing was denied October 4, 1967, and appellant's petition for a hearing by the Supreme Court was denied November 8, 1967.