[Civ. No. 4311. Fourth Dist. May 4, 1951.]

MARY H. KELLY, Appellant, v. THOMAS L. HILL et al., Respondents.

Deadrich, Gill & Bates for Appellant.

Frederick W. Welsh and Roland S. Woodruff for Respondents.

MUSSELL, J.—Plaintiff, who was conducting a concrete pipe irrigation business in Kern County, entered into a contract with defendants for the trenching, laying and backfilling of a cement pipeline upon agricultural lands owned by the defendants. The pipeline was constructed to irrigate crops to be grown on the land and the work was to be done for a fixed contract price. The reasonable value of the materials furnished and the labor and services performed was $3,899.45. Upon the failure of the defendants to pay for the work and materials, plaintiff commenced the instant action to foreclose a lien filed under the provisions of section 1187 of the Code of Civil Procedure.

The trial court found that the sum of $3,899.45, less an offset of $916.96, was due, owing and unpaid from defendants to plaintiff. The court also found that plaintiff did not possess a license as a contractor under the provisions of chapter 9 of division 3 of the Business and Professions Code of the State of California, and denied recovery to plaintiff on that ground alone.

According to the settled statement in lieu of a reporter's transcript filed herein, there are two points raised on this appeal: 1. The insufficiency of the evidence to justify the finding of the trial court that plaintiff was acting as a contractor under the provisions of division 3, chapter 9 of the Business and Professions Code; and 2. That the court erred in denying recovery to plaintiff on the ground that she had failed to allege and prove that she was a duly licensed contractor under the provisions of said code. The principal question to be here answered is as stated in plaintiff's opening brief in the following language: "Is the construction of an irrigation pipe line upon agricultural lands, made at the request of the owners of that land, and intended solely for agricultural purposes, exempted from the provisions of the contractor's licensing requirements, by the terms of section 7049 of the Business and Professions Code." It is the contention of the plaintiff that the foregoing question must be answered in the affirmative and that plaintiff is entitled to judgment in accordance with the prayer of her complaint for the amount found due by the trial court.

After a careful consideration of the record before us and a reconsideration of what was said by this court in *Bowline* v. *Gries,* 97 Cal.App.2d 741, 745 [218 P.2d 806], relative to the construction to be placed upon section 7049 of the Business

and Professions Code, we conclude that plaintiff's point is well taken.

Section 7049 of the Business and Professions Code reads as follows:

"Ditch work and agricultural or fire prevention work. This chapter does not apply to any construction or operation *incidental* to the construction and repair of irrigation and drainage ditches of regularly constituted irrigation districts, reclamation districts, or to farming, dairying, agriculture, viticulture, horticulture, or stock or poultry raising, or clearing or other work upon land in rural districts for fire prevention purposes, except when performed by a licensee under this chapter." (Italics ours.)

The grammatical construction of this section indicates a legislative intent to exempt from the statutory license requirements any construction or operation incidental to the construction and repair of irrigation and drainage ditches of irrigation districts, and also any such construction or operation incidental to reclamation districts or incidental to farming, dairying, etc. In the same sentence it is provided that this chapter does not apply to any construction or operation *"incidental to"* (certain irrigation and drainage work) *or to* farming, etc. The first punctuation mark is the comma placed after the words "irrigation districts" and to apply the exemption to reclamation districts or to farming, which are next mentioned, it is necessary to refer to the first part of the sentence and determine the scope of the exemption therein. The title of the section indicates that there are three kinds of work to which the statute does not apply, to wit: ditch work, agricultural work and fire prevention work. ■ In the section itself the exemption is made applicable to any construction or operation "incidental" to such work, and there is no provision that the word "incidental" does not apply to reclamation districts, or to farming, dairying, agriculture, etc., which are all separated only by commas. A legislative intent to limit the application of the word "incidental" to the construction and repair of irrigation and drainage ditches of regularly constituted irrigation districts does not appear in the language used. The section therefore must be construed as exempting any construction or operation incidental to farming, dairying, agriculture, etc.

It appears from the record that in the year 1944 or 1945 the manager of plaintiff's business went to the office of the

Contractors' License Board in Bakersfield, California, to ascertain whether or not a license was required for the construction and installation of a concrete pipeline for irrigation purposes; that he was then informed by the person in charge of said office that a person engaged in construction and maintenance of a concrete pipeline business for agricultural purposes was not required to have a license under the State Contractors' License Law. It further appears that on September 8, 1949, the attorney general of California ruled on the question involved in an opinion which is in part as follows:

"The District Attorney of Fresno presents the following questions:

"1. Whether under B. & P. Code sec. 7049, a contractor's license is required of one constructing irrigation ditches under contract with farm owners. . . .

"Our conclusions are summarized as follows: Construction of irrigation ditches on farm land, for owners of the land, to be used solely for agricultural purposes, is incidental to farming and hence exempted from contractors' licensing requirements under B. & P. Code sec. 7049." (14 Ops. Cal. Atty. Gen. 85; Opinion No. 49-26, September 8, 1949.)

The Contractors' Licensing Law was first enacted in 1929 (Stats. 1929, ch. 791, p. 1591), and was amended in 1931, 1935 and 1937, and in 1939 was codified in the Business and Professions Code of California (Stats. 1939, ch. 37, p. 382). The exemptions now embodied in sections 7040 to 7049 of the code were all contained in the previous statute, under one section heading. No attempt was made by the Legislature to recast section 7049 into two distinct subsections and no amendment has been made to section 7049. ■ Apparently the State Contractors' License Board and the attorney general's office of the state have construed the section involved in accordance with the views expressed herein and as said in *Mantzoros* v. *State Board of Equalization,* 87 Cal.App.2d 140, at 143 [196 P.2d 657]:

"It is a well-settled rule of statutory construction that when the language of a statute is open to any doubt as to its proper interpretation legislative and administrative construction is to be given great weight by the courts in arriving at its proper meaning."

The statutory definition of "incidental," as applied to appurtenances is set forth in section 662 of the Civil Code in the following language:

"Appurtenances. A thing is deemed to be incidental or

appurtenant to land when it is by right used with the land for its benefit, as in the case of a way or watercourse, or of a passage for light, air or heat from or across the land of another.''

And in Words and Phrases, permanent edition, volume 20, page 419, the following definition appears:

'' 'Incidental' obviously means depending upon or appertaining to something else as primary; something necessary, appertaining to, or depending upon another which is termed the principal, something incidental to the main purpose. The Robin Goodfellow, D. C. Wash., 20 F.2d 924, 925.''

Under these definitions it must be said that an irrigation pipeline such as that under consideration here, which is intended solely for agricultural purposes, is ''incidental'' to farming and hence is exempt from the contractors' licensing requirements under the code section in question.

It follows that it is immaterial whether or not the plaintiff is a ''contractor'' within the meaning of section 7026 of the Business and Professions Code.

Since the settled statement indicates that no question was raised as to the amount found to be due by the trial court, the judgment is reversed with instructions to the trial court to enter judgment for plaintiff in the amount found due.

Barnard, P. J., and Griffin, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied June 28, 1951.