[Civ. No. 40569. Second Dist., Div. Four. June 4, 1973.]

PAUL SHAMBLIN, Plaintiff and Respondent, v.
T. P. POLICH et al., Defendants and Respondents;
CYPRESS INSURANCE COMPANY, Intervener and Appellant.

---

---

## Counsel

McConnell & Cramoline and Carl G. Cramoline for Intervener and Appellant.

Richard M. Atkinson and Daniel J. DeNorch for Plaintiff and Respondent.

No appearance for Defendants and Respondents.

---

## Opinion

**KINGSLEY, J.**—This appeal involves the right of a workmen's compensation insurance carrier—intervener Cypress Insurance Company—to recover from a third-party tortfeasor for benefits paid by it on behalf of the employer of an insured workman.

The workman—plaintiff Shamblin—was employed by Driver-Eddy Construction Company. On the date of the accident plaintiff, at the direction of his employer, was driving his personally owned station wagon from the site of one job to the site of another. A piece of equipment, owned by defendants, known as a Gradall, crossed the highway in front of plaintiff and, although plaintiff immediately put on his brakes, a collision occurred. The force of the impact caused a tool box which was being carried in the station wagon, and a ladder, to shift forward, resulting in serious injuries to plaintiff.

After a jury trial, plaintiff recovered judgment for $133,500 against defendants, which judgment the trial court reduced by $1,840.75—the amount of workmen's compensation benefits paid to plaintiff by the carrier. The verdict had found that the accident was caused by the concurrent negligence of the employer and the defendants. As a result of that jury finding, judgment went against the carrier on its claim. The carrier has appealed.[1]

---

[1]Only the intervener-carrier has appealed; the other parties have, so far as here appears, accepted the judgment below. Our reversal of the portion of the judgment

The tool box—38 inches x 16 inches x 12 inches weighed, with its contents, between 125 and 150 pounds. It was carried in the back of the station wagon, on rubberized, non-skid carpeting, but was not secured in place by any cleats or ties. Plaintiff was required by his employer to carry the tool box and ladder; he had never been given any instructions or advice as how to carry the equipment and regarded his method as being normal and usual.

The trial court gave, among other instructions, three of which the intervener complains. They were as follows:

## I

"All loads shall be secured against dangerous displacement either by proper piling or securing in a manner as to prevent shifting, toppling over, or otherwise becoming unstable."[2]

## II

"Every employer shall furnish employment and a place of employment which are safe for the employees therein."[3]

## III

"If you find that plaintiff's employer, Driver-Eddy Construction Co. violated the statute or safety order just read to you and that such violation was a proximate cause of injury to plaintiff, you will. find that such violation was negligence unless Intervener, Cypress Insurance Company proves by a preponderance of the evidence that Driver-Eddy Construction Co. did what might reasonably be expected of a person of ordinary prudence, acting under similar circumstances, who desired to comply with the law."

At the request of plaintiff, the trial court also gave the following instruction: "Contributory negligence of a plaintiff is not a bar to his recovery for an injury caused by the wilful or wanton misconduct of a defendant.

"Wilful or wanton misconduct is intentional wrongful conduct, done either with knowledge, express or implied, that serious injury to another will probably result, or with a wanton and reckless disregard of the possible results. An intent to injure is not a necessary element of wilful or wanton misconduct.

---

adverse to the intervener-carrier in no way affects the finality or the enforceability of the judgment in favor of plaintiff and adverse to defendants.

[2]Quoting from section 3704, title 8, California Administrative Code.

[3]Quoting California Labor Code section 6400.

"To prove such misconduct it is not necessary to establish that defendants recognized their conduct as dangerous. It is sufficient if it be established that a reasonable man under the same or similar circumstances would be aware of the dangerous character of such conduct."[4]

## I

It is argued that the trial court erred in instructing the jury in terms of section 3704, title 8 of the California Administrative Code (quoted above). The contention is that plaintiff's tool box was not a "load" within the meaning of that section.

Webster's Collegiate Dictionary defines a "load" as: "1. That which is, or is to be, laid on or put in anything for conveyance; a burden; hence a cargo; pack; 2. A weight or quantity of anything resting upon something else regarded as its support." It is undeniable that the tool box was a "weight or quantity" put in the station wagon "for conveyance," and therefore was a "load" in terms of the ordinary English meaning of that term.

The argument that section 3704 does not apply is based on the existence of two other sections in title 8 of the Administrative Code:

(a) Section 3703, which immediately precedes section 3704, is entitled "Riding Loads," and reads as follows: "Employees shall not ride on top of loads that may dangerously shift, topple over or otherwise become unstable. Employees shall be seated if riding on a load."

We do not see that the existence of that section limits the application of section 3704. If, as we hold, a tool box is a "load" under section 3704, the effect of section 3703 would have been to prohibit a workman from riding on the unsecured tool box. No such conduct occurred in the case at bench and section 3703 is quite inapplicable to this case.[5]

(b) Section 3702, article 27, of title 8, of the Administrative Code deals specifically with tools and reads as follows: "All cutting tools or tools with sharp edges carried in the passenger compartment of trucks and buses primarily or regularly used for the transportation of workers shall be placed in *covered boxes or containers, and all other tools,* equipment, or other materials carried in the passenger compartment of such vehicles shall be secured to the body of the vehicle. In no event shall they be carried

---

[4]BAJI No. 3.52 (rev. ed. 1971).

[5]We are cited to *Mart* v. *Riley* (1966) 239 Cal.App.2d 649 [49 Cal.Rptr. 6], but the facts of that case are so far removed from the case at bench as to render any language therein inapplicable here.

in the aisles. Hand tools with cutting edges protected by scabbards or similar guards are considered as being in containers." (Italics added.)

It is true that there is a general rule of interpretation which calls for the application of a specific provision, as against a general provision, even though the latter, standing alone, would be broad enough to include the subject matter at issue. (*People* v. *Wood* (1958) 161 Cal.App.2d 24 [325 P.2d 1014]; *Estate of Jacobs* (1950) 100 Cal.App.2d 452 [223 P.2d 898].) But that rule does not apply where both the specific and the general rule may be applied. Such is the case here. Under section 3702, tools must either be individually secured or be placed in a tool box. But the tool box must, thereupon, be "secured" in the manner required by section 3704. In that manner, an employee is protected both against individual tools sliding aimlessly around the bed of a truck or car and against the kind of accident herein involved, in which the container slid, to the damage of the employee.

## II

■ Intervener's second allegation is that Labor Code section 6400 does not apply to the facts of this case. Section 6400 reads as follows: "Every employer shall furnish employment and a place of employment which are safe for the employees therein."

The intervener argues that plaintiff's privately owned station wagon was not a "place of employment" within the meaning of that section. We disagree.

Under the facts of the case at bench, plaintiff was on his employer's service as he drove from one job site to another.[6] It is admitted that he was driving his own wagon for the purpose at the direction of his employer. It follows that the station wagon, whoever was its owner, was the place provided by his employer in which plaintiff was performing his assigned duty.[7]

However, it is the fact that plaintiff himself created the dangerous condition which would preclude application of section 6400, rather than who owns the automobile. In *Decker* v. *S. H. Kress Co.* (1959) 168 Cal.App.2d

[6]Otherwise plaintiff would not have recovered the workmen's compensation insurance which forms the basis of the present appeal.

[7]In *Davis* v. *Pine Mountain Lbr. Co.* (1969) 273 Cal.App.2d 218 [77 Cal.Rptr. 825], a forklift, and in *De Cruz* v. *Reid* (1968) 69 Cal.2d 217 [70 Cal.Rptr. 550, 444 P.2d 342], a trailer—both vehicles were held to be places of employment. We see nothing in either case to indicate that the state of title to those vehicles was material to the ultimate holding. It is the relation of master and servant that is material, not the ownership of the vehicle. (*Cook* v. *Sanger* (1930) 110 Cal.App. 90 [293 P. 794].)

365 [335 P.2d 952, 337 P.2d 163], Labor Code section 6400, relating to the employer's duty to furnish a safe place of employment, was held not applicable to create liability where the employee, in the employer's absence, not only knew of the dangerous condition but actually created it himself and therefore could have protected himself from the danger. Labor Code section 6400 has "no application to an obvious danger . . . where the employee had complete control of the appliance and its use and the dangerous condition was not inherent in the appliance itself but only in the manner in which the employee chose to use it with full knowledge of the danger which he was thereby permitting to exist." (*Johnson v. A. Schilling & Co.* (1959) 170 Cal.App.2d 318, 323-324 [339 P.2d 139].)

Where a code section is not applicable, it is error to instruct on it.

It follows that it was error to instruct the jury in terms of Labor Code section 6400, since the place of employment—the station wagon—became unsafe by reason of plaintiff's improper loading of his tool box.

### III

Intervener argues that the rule of *Witt* v. *Jackson*[8]—whcih prevents an employer (or the employer's carrier) from recovering from a third-party tortfeasor the amount of workmen's compensation benefits in cases where the employer's negligence contributed to the injury—should not be applied in a case where the employer's negligence was passive and slight and the third party's negligence was active and substantial.

Intervener admits that it can find no authority for that proposition and we have found none. We are not persuaded that this court should, after 11 years, undertake to create such an exception.

### IV

Under the pleadings in this case, as ultimately formed, plaintiff and intervener had alleged wilful and wanton misconduct on the part of defendants. The intervener requested, and the trial court refused, the following instruction: "If you decide that the plaintiff is entitled to judgment against the defendants by reason of the wilful or wanton misconduct of defendants, you will return a verdict in favor of the Intervener, Cypress Insurance Company, against defendants in the amount of $1,840.75."

In *Ruiz* v. *Minnesota Mining & Mfg. Co.* (1971) 15 Cal.App.3d 462

[8](1961) 57 Cal.2d 57 [17 Cal.Rptr. 369, 366 P.2d 641].

[93 Cal.Rptr. 270], and in *Lewis* v. *American Hoist & Derrick Co.* (1971) 20 Cal.App.3d 570 [97 Cal.Rptr. 798], similar instructions were approved in cases where the defendant was held liable to an employee on the theory of product liability. In the *Lewis* case this court said, at page 585: ". . . an employer's obligation to pay compensation benefits to an employee may arise without negligence on the employer's part. (Lab. Code, § 3600.) Thus, the fact an employer (insurer) has paid, or is obligated to pay, benefits to an employee does not establish any fault. We are given no authority and we see no reason why an employer cannot proceed against a third party on the basis that such party also is liable without fault (i.e., negligence). Under such a theory, ordinary contributory negligence of the injured party is no defense to the claims he asserts (*Barth* v. *B. F. Goodrich Tire Co., supra,* 265 Cal.App.2d 228 [71 Cal.Rptr. 306]) and contributory negligence of his employer should be no defense against the employer's claims."

We can see no reason why wilful and wanton misconduct, which also is not subject to a defense of contributory negligence (*Cawog* v. *Rothbaum* (1958) 165 Cal.App.2d 577 [331 P.2d 1063]), should not be treated in the same fashion as is strict liability.

The judgment adverse to the intervener-carrier cannot be allowed to stand. The parties are entitled to a new trial, by a properly instructed jury, on the right of intervener as against defendants. If, properly instructed, a jury finds that the employer was not negligent, the intervener is entitled to the recovery it seeks; if the jury, properly instructed, finds that the employer was negligent, intervener is entitled to a specific finding as to whether defendants were guilty of wilful and wanton misconduct; and, if the jury finds on that issue adversely to defendants, intervener is likewise entitled to the recovery it seeks.

The judgment is reversed only insofar as it denied the intervener-carrier recovery as against the defendants. The case is remanded for a new trial, solely on that issue, and in accordance with the views expressed in this opinion.

Files, P. J., and Jefferson, J., concurred.