TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

|  | : |  |
| --- | --- | --- |
| OPINION | : | No. 98-906 |
|  | : |  |
| of | : | December 31, 1998 |
|  | : |  |
| DANIEL E. LUNGREN | : |  |
| Attorney General | : |  |
|  | : |  |
| Clayton P. Roche | : |  |
| Deputy Attorney General | : |  |
|  | : |  |

THE HONORABLE WESLEY CHESBRO, MEMBER OF THE CALIFORNIA SENATE, has requested an opinion on the following question:

May a company providing general engineering and construction services employ a licensed geologist to perform necessary geological work as part of its contractual responsibilities to remove a leaking petroleum underground storage tank?

CONCLUSION

A company providing general engineering and construction services may employ a licensed geologist to perform necessary geological work as part of its contractual responsibilities to remove a leaking petroleum underground storage tank.

ANALYSIS

A company with a general engineering contracting license (Bus. & Prof. Code, § 7055, subd. (a))[1] and a general building contracting license (§ 7055, subd. (b)) performs engineering and construction work as authorized under provisions of the Contractors' State License Law (§§ 7000-7077). The question presented for resolution concerns a contract between the company and a landowner to remove a leaking petroleum underground storage tank. May the company employ a licensed geologist to perform geological work that must be undertaken in order for the company to fulfill its contractual responsibilities? We conclude that it may do so.

Preliminarily, we note that a contractor must be specifically certified by the Contractors' State License Board to remove a leaking petroleum underground storage tank. (§ 7058.7.) It is also to be observed that the Legislature has established a program administered by the State Water Resources Control Board to reimburse certain costs associated with the removal of leaking petroleum underground storage tanks. (Health & Saf. Code, §§ 25299.10-25299.99.)

The Geologist and Geophysicist Act (§§ 7800-7887; "Act") governs the issues to be addressed here. First, the geological work in question must be performed by a licensed geologist. Section 7832 provides:

"Any person, except as in this chapter specifically exempted, who shall practice or offer to practice geology or geophysics for others in this state is subject to the provisions of this chapter."[2]

Section 7835 states:

"All geologic plans, specifications, reports or documents shall be prepared by a registered geologist, or registered certified specialty geologist, or by a subordinate employee under his direction. In addition, they shall be

signed by such registered geologist, or registered certified specialty geologist

_____

[1] All references hereafter to the Business and Professions Code are by section number only.

[2] The specified exemptions from the Act's provisions are inapplicable here.

or stamped with his seal, either of which shall indicate his responsibility for them."[3]

Whether a company providing general engineering and construction services may employ a licensed geologist to perform the proposed geological work is governed by the terms of section 7834, which provides:

"This chapter does not prevent or prohibit an individual, firm, company, association or corporation whose principal business is other than the practice of geology or geophysics from employing a geologist or geophysicist to perform professional services in geology or geophysics incidental to the conduct of their business."

Here, we have a company "whose principal business is other than the practice of geology." Its principal business is providing general engineering and construction services as a contractor operating under two licenses issued by the Contractors' State License Board. A portion of its contracting business involves the removal of leaking petroleum underground storage tanks. Such remedial work may require employment of a licensed geologist, but such geological work is only incidental to the company's overall contracting business.

In this context, we find that the term "incidental" as used in section 7834 means "subordinate, nonessential, or attendant in position or significance." (Webster's Third New Internat. Dict. (1971) p. 1142; see *Frankel* v. *Bank of America* (1953) 40 Cal.2d 845, 848-849; *Vallejo Development Co.* v. *Beck Development Co.* (1994) 24 Cal.App.4th 929, 944; *Davis* v. *Pine Mountain Lbr. Co.* (1969) 273 Cal.App.2d 218, 223; *Currie* v. *Stolowitz* (1959) 169 Cal.App.2d 810, 813-815; *Kelly* v. *Hill* (1951) 104 Cal.App.2d 61, 63-65; 14 Ops.Cal.Atty.Gen. 85, 86-87 (1949); 3 Ops.Cal.Atty.Gen. 311, 313-314 (1944).)

It is evident from the language of the statute that the geological work is to be "subordinate . . . or attendant in position or significance" to the company's "business" as a whole. The geological work may be quite significant with respect to a particular project, yet "incidental" to the company's principal business. It matters not the extent of geological work necessary relative to the company's projects involving the removal of leaking petroleum storage tanks, as long as such geological work does not constitute its "principal business." We so concluded in 58 Ops.Cal.Atty.Gen. 598, 604 (1975), where we "noted that the

legislation provides that the professional services are to be 'incidental to their business,' not incidental to services rendered."

---

[3] For our purposes, a "licensed" geologist and a "registered" geologist are one and the same.

If, on the other hand, the practice of geology constitutes a company's principal business, one officer of the company would be required to be a licensed geologist. Section 7833 states:

"This chapter does not prohibit one or more geologists or geophysicists from practicing through the medium of a sole proprietorship, partnership, or corporation. In a partnership or corporation whose primary activity consists of geological services, at least one partner or officer shall be a registered geologist. . . ."

Under the Act's provisions, therefore, the principal issue to be considered here is whether the company's primary activity is providing geological services, in which case one of its officers must be a licensed geologist, or whether its principal business is other than the practice of geology, in which case the licensed geologist need not be an officer of the company. In either circumstance, the key requirement is for the geological work to be performed by a licensed geologist.

We conclude that a company providing general engineering and construction services may employ a licensed geologist to perform necessary geological work as part of its contractual responsibilities to remove a leaking petroleum underground storage tank.

* * * * *