**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MP NEXLEVEL OF CALIFORNIA, INC, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> CVIN, LLC dba VAST NETWORKS, <br><br> Defendant - Appellee. | No. 17-15289 <br><br> D.C.No.1:140-CV-00288LJO-EPG <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Lawrence O'Neill, District Judge, Presiding

Argued and Submitted March 12, 2018
San Francisco, California

Before: MCKEOWN and BEA, Circuit Judges, and BENITEZ, Senior District
Judge.[**]

This appeal arises from a dispute over the scope of a California specialty

contractor's license. MP Nexlevel of California, Inc. ("Nexlevel") is a Minnesota

company licensed in California to install low-voltage communications systems like

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Circuit Rule 36-3.

[**]     The Honorable Roger T. Benitez, Senior United States District Judge
for the Southern District of California, sitting by designation.

telephone and cable lines. CVIN LLC ("CVIN") received a grant to design and construct a fiberoptic internet network throughout the Central Valley of California. Nexlevel contracted to excavate, trench, drill, and construct underground conduit to carry the fiberoptic cables ("Phase One"). Nexlevel was not contracted to actually insert and connect the fiberoptic cables to complete the installation of the fiberoptic systems themselves ("Phase Two"). Nexlevel completed the contracted Phase One work. CVIN did not pay Nexlevel for that work.

Nexlevel initiated the instant action against CVIN, claiming, among other things, breach of contract. CVIN claimed, in turn, that Nexlevel was not entitled to payment because Nexlevel was not licensed to perform the Phase One work.

The district court agreed with CVIN. The district court found that the Phase One work was neither within the scope of Nexlevel's license to install low-voltage communications systems, nor was it incidental or supplemental to the installation of such systems. The district court granted summary judgment in favor of CVIN. We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

Summary judgment rulings are reviewed de novo. *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 759 (9th Cir. 2017). We also review de novo the district court's interpretation of state law. *Paulson v. City of San Diego*, 294 F.3d 1124, 1128 (9th Cir. 2002). "When interpreting state law, we are bound to

2

follow the decisions of the state's highest court." *Id.* However, "[w]hen the state supreme court has not spoken on an issue, we must determine what result the court would reach based on state appellate court opinions, statutes and treatises." *Hewitt v. Joyner*, 940 F.2d 1561, 1565 (9th Cir. 1991).

In California, a contractor who performs unlicensed work is not entitled to recover payment for that work. Cal. Bus. & Prof. Code § 7031(a). However, a specialty contractor may perform and recover payment for work that "is 'incidental and supplemental' to the work for which a specialty contractor is licensed if that work is essential to accomplish the work in which the contractor is classified." Cal. Code Regs. Tit. 16, § 831.

Here, Nexlevel was licensed under a C-7 Low Voltage Systems Contractor specialty license ("C-7 License"). A C-7 licensed contractor "installs, services and maintains all types of communication and low voltage systems which are energy limited and do not exceed 91 volts." Cal. Code Regs. Tit. 16, § 832.07.

The parties agree that fiberoptics systems qualify as "low voltage systems" under a C-7 License. There is no clearly controlling California Supreme Court law on whether the construction and installation of conduit for fiberoptic systems falls within the scope of a C-7 License. Nonetheless, we find that Nexlevel's work here

was "incidental and supplemental" to the installation of these fiberoptic systems. Cal. Code Regs. Tit. 16, § 831.

California state courts, looking to the Contractors State License Board's decisions, have construed 'incidental' and 'supplemental' to mean "necessary to the main purpose" of the work. *Currie v. Stolowitz*, 169 Cal. App. 2d 810, 814 (Ct. App. 1959); *see also Kelly v. Hill*, 104 Cal. App. 2d 61, 65 (Ct. App. 1951) ("'[i]ncidental obviously means depending upon or appertaining to something else as primary; something necessary, appertaining to, or depending upon another which is termed the principal, something incidental to the main purpose").

Communications systems inherently and necessarily require some connection to other points of contact. Otherwise, there is no "communication" or "system." To facilitate that connection, some infrastructure is also necessary. Nexlevel was licensed to install these communications systems. Even though Nexlevel did not actually connect the fiberoptics cables, Nexlevel's Phase One work provided the necessary infrastructure to support the communications system.

Accordingly, to the extent the district court found that Nexlevel's Phase One work was not "incidental and supplemental" to the installation of the fiberoptic systems here, we REVERSE and REMAND to the district court.