[Civ. No. 12045. Third Dist. Mar. 17, 1970.]

RICHARD HARRIS, Plaintiff and Appellant, v.
DAVID CHISAMORE, Defendant and Respondent.

## COUNSEL

J. Adrian Palmquist, Kenneth B. Cayocca, Robert H. San Chez, Ross Adkins and Ernest M. Thayer for Plaintiff and Appellant.

Barfield, Barfield & Dryden and Cyril Viadro for Defendant and Respondent.

## OPINION

**BRAY, J.**\*—In an action for personal injuries plaintiff appeals from judgment, after jury verdict, in favor of defendant.

---

\*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

## Issues Presented

1. Failure of court to instruct on duties prescribed by the Labor Code.

2. Error in instruction on assumption of risk.

As will be shown herein, plaintiff's contentions must be sustained and the judgment reversed accordingly.

## Evidence

While engaged by defendant as a hauler of rock with his own truck, plaintiff was injured by a piece of flying rock in a quarry operated by defendant. Defendant operated by having a bulldozer push quarried rock over a 50 to 75 foot drop and using another machine at the bottom to load the rock into trucks of his drivers. Plaintiff was paid $2 per ton of rock hauled from the quarry to a specified dump site.

Plaintiff arrived at the quarry 20 to 30 minutes before the accident and found two or three trucks ahead of him waiting for rock to be pushed over before they could be loaded. After plaintiff ate lunch he joined defendant and two or three drivers who were waiting by a small fire. Both plaintiff and defendant considered this a safe place to stand. The fire was some 20 to 100 feet outside the perimeter of the area where the pushed rock usually fell. Defendant signaled to the operator above to push over a large boulder. This rock was unusually large and weighed several tons. When the rock landed, it burst apart into many pieces, one of which hit plaintiff in the leg. As plaintiff testified, the accident was a "freak." Neither plaintiff, defendant nor the other men had ever seen a rock "explode" as this one did. The men at the fire, other than plaintiff and defendant, took cover.

### 1. Labor Code Instructions

Although plaintiff was an independent contractor and self-employed, it is practically conceded that under the definition in section 6304 of the Labor Code defendant was an "employer" of plaintiff, and in section 6305 plaintiff was an "employee" of defendant, and in section 6302 plaintiff was in a "place of employment." (See *Alber* v. *Owens* (1967) 66 Cal.2d 790 [59 Cal.Rptr. 117, 427 P.2d 781].)

The court refused plaintiff's request that the jury be instructed regarding the obligation of an employer to provide a reasonably safe place of employment for his employee. (See Lab. Code, §§ 6302-6305, 6310-6311, 6400-6404.)

Defendant takes the position, one, that these sections do not apply because defendant did not require or direct plaintiff to be where he was when

the injury occurred. Strictly speaking that is correct. ■ However, the employer knew that it was customary for truck drivers awaiting their turn for loading (loading could not be undertaken until the bulldozer finished pushing the rock from the ledge to where it would be loaded on the trucks) to wait in the approximate position where they were standing on the day of the accident, and that it was customary on cold days for a fire to be built there for the convenience of the truckers while waiting. For the purposes of the Labor Code this was the supplying of a place of employment by defendant. ■ Moreover, section 6402 provides in pertinent part: "No employer shall . . . permit any employee to go or be in any . . . place of employment which is not safe." This necessarily implies that such place remain safe, i.e., the duty of the employer is clearly a continuing one. ■ Secondly, defendant contends that the Labor Code sections actually place no greater duty on defendant than was placed upon him by the invitor-invitee instructions which were given and which required defendant to provide plaintiff a reasonably safe place in which to wait. However, the duty required of an employer is greater than that owed by an invitor to an invitee.

"The law in California is clear that an employee of a subcontractor is an invitee of the general contractor. [Citations.] As the result of such invitor-invitee relationship, the general contractor exercising supervision over a construction job owes the employees of a subcontractor a common-law duty to exercise ordinary care to provide them with a reasonably safe place to work or to warn them of dangers which are not obvious. [Citations.] However, the general contractor is not an insurer of the safety of such employee-invitee and is not liable to him for an injury resulting from a danger which was obvious or should have been observed in the exercise of ordinary care. [Citation.]

"Where, however, the general contractor not merely exercises general supervision over the job in order to bring out its satisfactory completion but also controls the premises or the instrumentality causing the injury he is an employer within the meaning of the Labor Code (§§ 6304, 6305) and under a nondelegable duty to comply with the applicable safety provisions found therein. [Citations.] These statutory duties are greater than his common law duties above-mentioned [citation] and a violation of any of them gives rise to a rebuttable presumption of negligence. [Citations.]" (*Souza* v. *Pratico* (1966) 245 Cal.App.2d 651, 656-657 [54 Cal.Rptr. 159].)

That case dealt with an employee of an independent contractor, but it does explain the two duties of an "employer" in defendant's position here. (See also *Conner* v. *Utah Constr. & Min. Co.* (1964) 231 Cal.App.2d 263, 270-273 [41 Cal.Rptr. 728], relied on in *Souza* v. *Pratico, supra.*)

In our case defendant did more that exercise general supervision over the job. The man who pushed the large rock over the cliff was under defendant's immediate supervision and pushed the rock over at defendant's signal. Defendant was in control of a place of employment (Lab. Code, § 6302)[1] and was thus an employer (Lab. Code, § 6304)[2] obliged to provide a safe place of employment (Lab. Code, § 6400).[3] (Cf., *Kuntz* v. *Del E. Webb Constr. Co.* (1961) 57 Cal.2d 100, 105-107 [18 Cal.Rptr. 527, 368 P.2d 127], where the general contractor had no control over the job except to see that work was satisfactorily completed.)

The concept that the Labor Code provides a stricter duty of care is easy to visualize when an employer fails to comply with a particular safety regulation. Then we can see the particular affirmative duty imposed. But safety orders and regulations are only particularizations of the general affirmative duty to provide a safe place of employment. In our case, for example, it would be possible for the jury to find that a safe place of employment included either a more distant waiting area or a practice of seeing that all workers were behind cover before pushing off rock. These would be affirmative acts required of an employer but not owed by an invitor to an invitee. (See *Gonzales* v. *Robert Hiller Constr. Co.* (1960) 179 Cal.App.2d 522, 533-534 ([3 Cal.Rptr. 832]; and *Stoddard* v. *Rheem* (1961) 192 Cal.App.2d 49, 58-59 [13 Cal.Rptr. 496], neither involving violation of a particular safety order or regulation.)

"An employer-employee relationship in the usual sense is not essential for application of the Labor Code." (*Woolen* v. *Aerojet General Corp.* (1962) 57 Cal.2d 407, 412 [20 Cal.Rptr. 12, 369 P.2d 708].)

In *Bragg* v. *Mobilhome Co.* (1956) 145 Cal.App.2d 326 [302 P.2d 424], the court held that an independent contractor, a roofer who at the time of the accident was doing the same work as his employees, was entitled to the protection of the Labor Code. And see *Alber* v. *Owens* (1967) 66 Cal.2d 790, 792-799 [59 Cal.Rptr. 117, 427 P.2d 781], where our Supreme Court allowed an independent contractor, a cement subcontractor, who at the time of the accident was working alongside one of his employees the benefit of the Labor Code's stricter duty of care.

---

[1] Labor Code section 6302: " 'Place of employment' means any place, and the premises appurtenant thereto, where employment is carried on, except a place the safety jurisdiction over which is vested by law in any State or Federal agency other than the division." `

[2] Labor Code section 6304: " 'Employer' shall have the same meaning as in section 3300 and shall also include every person having direction, management, control, or custody of any employment, place of employment, or any employee."

[3] Labor Code section 6400: "Every employer shall furnish employment and a place of employment which are safe for the employees therein."

## 2. *Assumption of Risk*

■ Defendant concedes that there was no evidence to justify the giving of three instructions on assumption of risk requested by defendant. The court refused to give an instruction proffered by plaintiff to the effect that plaintiff, as a matter of law, did not assume the risk. It is defendant's position that the giving of the assumption of risk instructions could not possibly have affected the verdict because the court expressly made them applicable only if the jury first found that "plaintiff appreciated the magnitude of the risk which he faced. Considering the freakish nature of the risk, this is a finding which the jury cannot be deemed to have made."

■ While it is true that there was no evidence from which the jury would have been justified in finding that plaintiff had any appreciation of the risk involved in standing where he did (it is significant that defendant himself stood there), the fact that the court instructed on assumption of risk would possibly lead the jury to conclude that there must be such evidence or the court would not have so instructed the jury.

■ "It has long been the law that it is error to charge the jury on abstract principles of law not pertinent to the issues in the case. (*People* v. *Roe* (1922) 189 Cal. 548, 558 [209 P. 560].) The reason for the rule is obvious. Such an instruction tends to confuse and mislead the jury by injecting into the case matters which the undisputed evidence shows are not involved." (*People* v. *Jackson* (1954) 42 Cal.2d 540, 546-547 [268 P.2d 6].)

■ Applicable here is the language in *Vierra* v. *Fifth Ave. Rental Service* (1963) 60 Cal.2d 266, 275 [32 Cal.Rptr. 193, 383 P.2d 777]: "The error in instructing on the doctrine [assumption of risk] was clearly prejudicial. It cannot be said that in absence of the error a different verdict would not have been probable. While the evidence may be sufficient to warrant instructions on contributory negligence, certainly it cannot be said that such contributive negligence appears as a matter of law. The question of contributory negligence was a question of fact for the jury. But we cannot say that the verdict was based on contributory negligence and that the instructions on assumption of risk were simply surplusage."

In our case is the added fact that we cannot say that the verdict was based upon a finding that defendant did not violate an invitor's duty.

The purported appeal from the order denying plaintiff's motion for new trial, being nonappealable, is dismissed.

Judgment is reversed.

Pierce, P. J., and Regan, J., concurred.