[Civ. No. 9796. Fourth Dist., Div. One. Oct. 20, 1970.]

JOHN J. KIRK, Plaintiff and Appellant, v.
KEMP BROS., Defendant and Respondent.

138

COUNSEL

Karl C. Frank, for Plaintiff and Appellant.

W. Mike McCray and McCray & Murphy for Defendant and Respondent.

## OPINION

**COUGHLIN, J.**—Plaintiff, an employee of a subcontractor on a construction project, appeals from a judgment of nonsuit in an action against defendant, the general contractor, to recover damages for injuries sustained in the course of his employment allegedly caused by the unsafe condition of the place of employment.

The issue is whether defendant owed plaintiff a nondelegable duty, either common law, statutory, or both, to provide plaintiff with a safe place of employment.

The facts in the case will be stated in accord with the rule, applicable to nonsuits, each fact and inference in favor of plaintiff's position, supported by substantial evidence, will be deemed established. (*Blumberg v. M. & T. Incorporated*, 34 Cal.2d 226, 229 [209 P.2d 1].) Defendant was the general contractor for a high school construction project; let a subcontract for installation of steel decking on the buildings in the project to Inland Steel; and the latter, in turn, employed Robertson Company, by subcontract, to install the decking on one of the buildings. Plaintiff was a welder employed by Robertson Company. The steel decking was the base for the roof of the building; consisted of sheets of steel, 20 feet in length by 12 inches in width, placed upon and tack-welded to steel girders, 14 feet above the ground, laid crosswise 20 feet apart on block walls. The specifications provided for three openings in the roof which were predesigned; were framed by 6-inch I-beams; and, after the decking was laid around them, would be capped with a flashing tack-welded to the beams. The perimeter of the roof also was to be capped with a flashing tack-welded to the girders. On the day plaintiff was injured he was tack-welding the flashing around the perimeter of the roof; the decking had been laid in the immediate vicinity of the place where he was working; and nearby were two of the openings which previously had been capped. When plaintiff was in a position approximately three feet from one of the openings, while engaged in capping the perimeter, he moved as he welded and fell through an unguarded opening to the ground, sustaining serious injuries. Because he was engaged in welding, his helmet was down.

There was evidence supporting the conclusion, under the custom of the trade upon completion of an opening in a roof where steel decking is being installed a railing or wire is placed around the opening; and where a welder is working near an opening he is furnished a helper, called a fitter, to warn him in case he is getting too close to the opening.

The subcontracts between defendant and Inland Steel Products Company or the latter and Robertson Company were not introduced in evidence.

There was testimony the general contractor had no control over the work between subcontractors except to see it was completed in accordance with the specifications. However, there also was testimony under the custom of the trade the general contractor is responsible for safety measures in connection with the laying of decking. The general specifications upon which the general contractor premised its bid provided: "The contractor shall take all necessary precautions for the safety of employees on the work and shall comply with all applicable provisions of federal, state and municipal safety laws and building codes to prevent accidents or injury to persons on, about, or adjacent to the premises where the work is being performed. He shall erect and properly maintain at all times as required by the conditions and progress of the work, all necessary safeguards for the protection of workmen . . . , and he shall designate a responsible member of his organization on the work whose duty shall be the prevention of accidents. . . ."

There is evidence supporting the conclusion defendant did not designate a person to prevent accidents.

Where a general contractor employs a subcontractor to do work which the former should recognize as likely to create a peculiar risk of physical harm to employees of the subcontractor unless special precautions are taken, the general contractor is subject to the common law, nondelegable duty to exercise care to take such precautions. (*Maloney* v. *Rath,* 69 Cal.2d 442, 447 [71 Cal.Rptr. 897, 445 P.2d 513]; *Van Arsdale* v. *Hollinger,* 68 Cal.2d 245, 255 [66 Cal.Rptr. 20, 437 P.2d 508]; *Alber* v. *Owens,* 66 Cal.2d 790, 792 [59 Cal.Rptr. 117, 427 P.2d 781]; *Ferrel* v. *Safway Steel Scaffolds,* 57 Cal.2d 651, 655 [21 Cal.Rptr. 575, 371 P.2d 311]; *Woolen* v. *Aerojet General Corp.,* 57 Cal.2d 407, 410 [20 Cal.Rptr. 12, 369 P.2d 708]; *Kuntz* v. *Del E. Webb Constr. Co.,* 57 Cal.2d 100, 105 [18 Cal.Rptr. 527, 368 P.2d 127]; *Morehouse* v. *Taubman Co.,* 5 Cal.App.3d 548, 556 [85 Cal.Rptr. 308]; *Anderson* v. *L. C. Smith Constr. Co.,* 276 Cal.App.2d 436, 445 [81 Cal.Rptr. 73]; *Delgado* v. *W. C. Garcia & Associates,* 212 Cal.App.2d 5, 10 [27 Cal.Rptr. 613].) The duty of the general contractor under the foregoing rule is to exercise ordinary care to take the required precautions. (*Van Arsdale* v. *Hollinger, supra,* 68 Cal.2d 245, 253, 255; *Harris* v. *Chisamore,* 5 Cal.App.3d 494, 499 [85 Cal.Rptr. 223].) The duty is not limited to instances involving known danger but extends also to those where the dangers might be discovered by the exercise of ordinary care. (*Delgado* v. *W. C. Garcia & Associates, supra,* 212 Cal. App.2d 5, 10.) Under the evidence in the case at bench whether

the elements essential to existence of the duty on the general contractor are present and whether, granting the existence of such duty, defendant exercised ordinary care, are questions of fact. (*Ferrel* v. *Safway Steel Scaffolds, supra,* 57 Cal.2d 651, 656; *Morehouse* v. *Taubman Co., supra,* 5 Cal.App.3d 548, 557.)

A general contractor in control of the premises where work is being done by employees of a subcontractor, is an employer subject to the statutory, nondelegable duty imposed by the Labor Code to provide a safe place of employment for those employees and to comply with the regulations for their safety prescribed by or pursuant to the Labor Code. (Lab. Code, §§ 6304 and 6400 et seq.; *Alber* v. *Owens, supra,* 66 Cal.2d 790, 792; *Morehouse* v. *Taubman Co., supra,* 5 Cal.App.3d 548, 558; *Harris* v. *Chisamore, supra,* 5 Cal.App.3d 494, 499; *Souza* v. *Pratico,* 245 Cal. App.2d 651, 657 [54 Cal.Rptr. 159].) Where the general contractor retains only the right of general supervision and control over the premises to bring about a satisfactory completion of the subcontract, he is not an employer subject to the foregoing statutorily imposed duty. (*Van Arsdale* v. *Hollinger, supra,* 68 Cal.2d 245, 257; *Woolen* v. *Aerojet General Corp., supra,* 57 Cal.2d 407, 413; *Kuntz* v. *Del E. Webb Constr. Co., supra;* 57 Cal.2d 100, 106-107; *Delgado* v. *W. C. Garcia & Associates, supra,* 212 Cal.App.2d 5, 7.) Defendant contends its only control over the subcontractors in question, the work done by them, or the premises where plaintiff was employed was limited to the general supervision essential to requiring compliance with the subcontracts and for this reason it was not required to comply with the safety regulations prescribed by or pursuant to the Labor Code. This contention, although premised upon substantial evidence in the case, neglects consideration of substantial evidence supporting a contrary conclusion. The provisions respecting safety regulations in the specification which became a part of the general contract imposed upon the general contractor the obligation to comply with the Labor Code safety regulations. It may be inferred defendant retained control over the premises to effect its compliance with this contractual obligation. Under the evidence, whether the control exercised by defendant over the subcontractors, their work and the premises where the work was performed for safety regulation purposes was a question of fact. (*Van Arsdale* v. *Hollinger, supra,* 68 Cal.2d 245, 257.)

Although not urged directly, defendant asserts tangentially plaintiff was contributorily negligent because he moved about with his welder's helmet down. Plaintiff may not recover if his negligence proximately contributed to his injury. (*Alber* v. *Owens, supra,* 66 Cal.2d 790, 792; *Mezerkor* v. *Texaco, Inc.,* 266 Cal.App.2d 76, 85, 87, 89 [72 Cal.Rptr.

1].) However, under the evidence, whether plaintiff's conduct constituted negligence proximately contributing to his injury is a question of fact. (*Alber* v. *Owens, supra,* 66 Cal.2d 790, 798-799.)

The judgment is reversed.

Brown (Gerald), P. J., and Ault, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied December 17, 1970.